Kinkead, J.
The question is' submitted upon demurrer to the answer of P. M. Walton, which shows that Walton sold and delivered to Ciocco Brothers certain chattel property, for which a chattel mortgage was given, and which ivas filed November 2, 1907.
The mortgage was not refiled at the end of the year according to the provisions of the law in force at the time the same was executed.
It is claimed that such refiling was not necessary, because of the amendment of Section 4155, Revised Statutes, which took effect April 28, 1908 (99 O. L., 230), which provides in substance that chattel mortgages shall be void as against the creditors of the mortgagor, or against subsequent purchasers of mortgages in good faith, after the expiration of three years from the-filing thereof, unless within thirty days next preceding the expiration of the three years the mortgage is refiled.
The mortgagor, Ciocco Brothers, gave a bill of sale for the property covered by the mortgage on September 10, 1908, to the *127 Ciocco Baking Company, a corporation, which instrument was recorded October 20, 1908 (Yol. 7, Misc. Records).
This proceeding was brought by the plaintiff, a judgment creditor, to marshal liens, asking that the chattel mortgage to Walton be annulled. A receiver has been appointed for the Ciocco Baking Company.
The question presented by -the demurrer is, whether the chattel mortgage is vaild against subsequent purchasers and creditors, because it was not refiled -at the end of the year according to the provisions of Section 4155, Revised Statutes, before it was amended.
The argument offered in support of the demurrer is that the law, Section 4155, as it stood at the time the mortgage was given, governs; that therefore the mortgage to be valid must have been refiled within thirty days prior to the expiration of the year, November 2, 1908; that the law existing at the time the contract is made enters into and becomes a part of the contract. This is a correct rule of law, the purpose of which is to protect vested rights as occasion arises. This rule is urged in aid of the claim that the old one year rule for refiling applies, which would defeat the rights of the mortgagee, and allow judgment-creditors and a purchaser whose purchase antedated the expiration of- even the one year to intervene.- The rule was designed for no such purpose, and if equities are considered, those in favor of the original chattel mortgagee are stronger.
Another rule invoked in' opposition to the claims of the original mortgagee is the constitutional inhibition as to retroactive ]aws. ' It is urged in substance that if the amended law of April 28, 1908, applies, it would necessarily act retroactively.
The purpose of the constitutional rule touching retroactive laws is to guard and protect vested rights, so that a new law may not reach back and interfere with or destroy them.
To apply such a rule to the chattel mortgagee in this case would defeat his rights. To invoke it in aid of the rights of creditors whose rights are involved in this case does not aid them nor does it deprive them of any rights.
The plaintiff obtained his judgment December 24, 1907, against the three Ciocco brothers and the Ciocco Baking Company, *128 which does not per se operate as a lien upon the personalty, and no execution was levied. This judgment creditor claiming through the corporation, his rights must rest upon those of the debtor. The debtor, the Ciocco Baking Company, took the bill of sale September 10,1908, before even the first year had elapsed.
To permit the amended three year law to apply and govern does not infringe upon the vested rights of anyone.
If'the amended law is operative upon all existing .chattel mortgages, as well as upon all those filed from and after its taking effect April 28, 1908, it operates justly upqn the rights of everyone interested in chattel property—owner or creditor.
The judgment of the court is that the amended law applies and determines the rights of all existing chattel mortgages, and that a refiling thereof under the old law is not essential to the preservation -of the-rights of the chattel mortgagee.
This conclusion is based upon the theory that—
First. Such an application does not interfere with, but, on the contrary, preserves vested rights.
Second. The limitation of the statute is in the nature of, or analagous to, a limitation affecting the right of action, and the limitation in force at the time the remedy is sought governs. If the old law had been repealed, and no new one had been enacted, it would present an entirely different question.
Third. Section 79, Revised Statutes, does not apply because there was no pending action, nor was there anj^ right or cause of action, existing at the time of such amendment.
The demurrer to the answer is therefore overruled.